## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL 1998 SESSION

LARRY JONES,

    Petitioner,

vs.

STATE OF TENNESSEE,

    Respondent.

)
)
)
)
)
)
)
)
)
)

FILED

April 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

C. C. A. NO. 02C01-9708-CR-00331

SHELBY COUNTY

No. P-15023

## O R D E R


This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. In 1980, the petitioner was convicted on two counts each of aggravated kidnapping and aggravated rape, and one count of grand larceny. On appeal, this Court affirmed the convictions for aggravated kidnapping and grand larceny but reversed and dismissed the aggravated rape convictions. State v. Jones, No. 37, Shelby County (Tenn. Crim. App., at Jackson, Mar. 19, 1981), perm. to app. denied, (Tenn., June 29, 1981). The petitioner subsequently filed several state and federal petitions attacking his convictions and sentences, the denial of the most recent petition for post-conviction relief having been affirmed by this Court in 1993. Jones v. State, No. 02C01-9207-CR-00162 (Tenn. Crim. App., Feb. 10, 1993), perm. to app. denied, (Tenn., June 1, 1993).


In his present petition, the petitioner challenges the length of his sentences. Finding that there were no grounds for relief and that the statute of limitations had expired, the trial court dismissed the petition without a hearing. On appeal, the petitioner argues that the case should be remanded so that the petitioner may explain why the statue of limitations should not bar relief. However, as the state properly argues in response, the petitioner had ample opportunity either in his 1992 petition or in response to the state's motion in the proceeding below to rebut the application of the statute. See T.C.A. § 40-30-206(g).

T.C.A. § 40-30-202(c)[1] provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed at least two petitions that were resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

Nevertheless, pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations, and would, therefore, otherwise be considered untimely.[2]

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1] The petition in this case was filed on June 16, 1995, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

[2] The petition would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).

Enter, this the ____ day of April, 1998.

_____

WILLIAM M. BARKER, JUDGE

_____

DAVID G. HAYES, JUDGE

_____

JOE G. RILEY, JUDGE